FILED

OCT 27 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

## NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                    ) Case No. 02-13531-B-7
                                         )
Klara Jean Bergtholdt and                )
Eric Douglas Williams,                   )
                                         )
         Debtors.                        )
_____)
                                         )
James E. Salven, Chapter 7               ) Adversary Proceeding No. 06-1185
Trustee,                                 )
                                         )
         Plaintiff,                      )
                                         )
    v.                                   )
                                         )
Mitra Lyons,                             )
                                         )
         Defendant.                      )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING DEFENDANT'S OBJECTIONS TO JURISDICTION
AND DEMAND FOR JURY TRIAL**

David R. Jenkins, Esq., appeared on behalf of the chapter 7 trustee James E. Salven (the "Trustee").

Scott Lyons, Esq., appeared on behalf of the defendant Mitra Lyons (the "Defendant").

**These Findings of Fact and Conclusions of Law are not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.**

This adversary proceeding was filed by the chapter 7 Trustee on June 13, 2006.

The Trustee seeks to compel the turnover of estate property pursuant to 11 U.S.C. § 542,[1]

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of

alternatively to avoid the post-petition transfer of estate property pursuant to § 549. The Trustee prays for a money judgment against the Defendant equal to the value of the transferred property pursuant to § 550(a). Defendant filed a responsive pleading denying liability on June 22, 2006.

The Defendant also filed a demand for a jury trial and requested immediate withdrawal of this adversary proceeding to the United States District Court. On June 29, 2006, the Defendant filed a motion to withdraw the reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d) and (e) so that her jury trial could be held in the District Court (the "Withdrawal Motion"). Briefing on the Withdrawal Motion is now complete and it was transmitted by the bankruptcy clerk to the District Court on August 23, 2006. The District Court has not yet ruled on the Withdrawal Motion.

The initial status conference in this matter was held on August 24, 2006. In her responsive pleading, the demand for jury trial, and oral argument at the status conference, Defendant raised essentially four objections which the court addresses herein. Defendant objected to the bankruptcy court's jurisdiction over this adversary proceeding based on the pending Withdrawal Motion, she objected to this court's ability to determine whether this adversary proceeding is a "core" proceeding, she objected to the bankruptcy court's power to determine whether she has a right to a jury trial in this adversary proceeding, and she objected to the bankruptcy court's power to make *sua sponte* discovery orders while the Withdrawal Motion is pending ("Defendant's Objections").

At the status conference, the court set a continued status conference and a time for oral argument on Defendant's Objections on October 26, 2006. The court also *sua sponte* ordered the parties to start discovery. Defendant filed a supplemental brief on October 11, 2006, which the court has reviewed and considered. Following oral argument, the court orally overruled all of Defendant's Objections and denied Defendant's demand for a jury trial based on the following findings of fact and conclusions of law.

---

2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

2

The U.S. District Court has original jurisdiction over this bankruptcy case and this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 542, 549 and 550.

Jurisdiction over the claims asserted in this adversary proceeding has been referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California.

An adversary proceeding to compel the turnover of estate property is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

An adversary proceeding to recover transferred estate property under § 549 is also a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E). *Global International Airways Corp. v. Azima (In re Global Intern. Airways Corp.)*, 76 B.R. 700, 705 (Bankr. W.D.Mo. 1987).

As a "core" proceeding arising under Title 11, this court has jurisdiction pursuant to 28 U.S.C. § 157(b)(1) to hear and determine the claims raised in this adversary proceeding and to "enter appropriate orders and judgments subject to review under [28 U.S.C. § 158]."

The filing of Defendant's Withdrawal Motion pursuant to 28 U.S.C. § 157(d) and (e) does not stay the prosecution of this adversary proceeding while the Withdrawal Motion is pending in the District Court.

The pendency of Defendant's Withdrawal Motion does not divest this court of its "referred" jurisdiction under 28 U.S.C. § 157(a) and (b). Jurisdiction over this adversary proceeding remains with the bankruptcy court unless and until the District Court grants the Withdrawal Motion.

The bankruptcy court has the inherent power to manage its cases to achieve an orderly and expeditious disposition of cases. *Citizens Bank & Trust Company v. Case (In re Case)*, 937 F.2d 1014, 1023 (5th Cir. 1991). This inherent power necessarily includes the power to make *sua sponte* orders regarding the commencement and scheduling of discovery.

///

The Trustee's ability to recover property of the bankruptcy estate is "a direct invocation of his equitable powers under §§ 542 and 549, powers that did not exist at common law and are wholly equitable in nature." *Keller v. Blinder (In re Blinder, Robinson & Co., Inc.)*, 146 B.R. 28, 31 (D.Colo. 1992), citing *In re Garret Road Supermarket, Inc. v. Wetterau Finance Co. (In re Garret Road Supermarket)*, 95 B.R. 904, 906 (E.D.Pa. 1989).

Accordingly, the Defendant has no right to a jury trial on the Trustee's §§ 542 and 549 claims, subject to review by the District Court in conjunction with the pending Withdrawal Motion. *In re Blinder, Robinson & Co., Inc.*, 146 B.R. at 31 (citations omitted).

Dated: October 27, 2006

W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| James E. Salven<br>PO Box 25970<br>Fresno, CA 93729 | David R. Jenkins<br>PO Box 1406<br>Fresno, CA 93716 | Scott Lyons<br>1010 W Main St<br>Visalia, CA 93291 |

Erick And Klara Bergtholdt
3616 E OAK CT
VISALIA, CA 93292

DATED: 10-27-06    BY: _____
                                               Deputy Clerk

EDC 3-070 (New 4/21/00)