

FILED

JAN - 8 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                          )    Case No. 02-13531-B-7
                                               )
Klara Jean Bergtholdt and                      )
Eric Douglas Williams,                         )
                                               )
       Debtors.                           )
_____                )
                                               )
James Salven, Chapter 7 Trustee,               )    Adversary Proceeding No. 06-1185
                                               )
       Plaintiff,                         )    DC No. SL-1
                                               )
      v.                                    )
                                               )
Mitra Lyons,                                   )
                                               )
       Defendant.                         )
_____                )

## MEMORANDUM DECISION RE DEFENDANT'S MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

The court has reviewed Defendant Mitra Lyons' ("Defendant") Motion for Leave to File Appeal, filed on December 19, 2006 (the "Motion"). Plaintiff James Salven, the Chapter 7 Trustee, responded on December 28, 2006 with an Objection to Reference of Motion for Leave to Appeal to the Bankruptcy Appellate Panel and Opposition to Defendant's Motion for Leave to Appeal (the "Trustee's Opposition"). For the reasons set forth below, the Motion will be denied.

**Findings of Fact**

This adversary proceeding was filed on June 13, 2006. On October 27, 2006, after a hearing, the court entered an order on Defendant's objection to jurisdiction and demand for a jury trial (the "Order"). The Order was interlocutory, i.e., it did not finally adjudicate the rights of the parties. Fifty-three (53) days later, the Defendant filed her Motion. The Defendant's pleadings in support of the Motion included a Motion for Leave to File Appeal, a Notice of Motion for Leave to File Appeal, a Declaration of Mitra

1  Lyons in Support of Motion for Leave to File Appeal, a Declaration of Scott Lyons in

2  Support of Motion for Leave to File Appeal, a Memorandum of Points and Authorities in

3  Support of the Motion for Leave to File Appeal, and a Proof of Service.  Notably, the

4  Defendant did not file a notice of appeal relating to the Order itself, neither did the

5  Defendant pay the filing fee associated with an appeal.

6  **Conclusions of Law**

7      **Jurisdiction**

8      The district court and the bankruptcy appellate panel both have jurisdiction to hear

9  appeals of interlocutory orders of the bankruptcy court.  28 U.S.C. 158(a)(3).  It follows

10 that the appellate court should also hear a motion for leave to appeal an interlocutory

11 order.  However, the appellate court does not acquire jurisdiction over a matter unless and

12 until a notice of appeal is filed.  Further, when the appeal is from an interlocutory order,

13 the appellate court does not acquire exclusive appellate jurisdiction over that issue unless

14 and until it grants leave to appeal the disputed order.  Fed.R.Bankr.P. 8003; see also *In re*

15 *Barker*, 306 B.R. 339, 345  (Bankr. E.D. Cal. 2004).  Unless a notice of appeal is properly

16 filed, the bankruptcy court's jurisdiction is not terminated simply because a party files a

17 motion seeking leave to appeal an interlocutory order.

18     When a notice of appeal is filed, the clerk of the bankruptcy court dockets the

19 appeal and transmits the notice of appeal, together with any related motion for leave to

20 appeal, to the clerk of the district court or the clerk of the bankruptcy appellate panel

21 pursuant to Fed.R.Bankr.P. 8003(b).  However, a notice of appeal has not been filed in

22 this case.  No appeal has been docketed and nothing has been transmitted to the appellate

23 court.  As a consequence, this court is the only court with jurisdiction to rule on the

24 Motion.[1]

25

26     [1]The court notes that the Defendant has also filed a motion to withdraw the

27 reference of this adversary proceeding.  That motion is still pending in the district court.

28 If the district court determines that the matter should not be litigated in the bankruptcy

**The Motion is Untimely**

As the Trustee's Opposition points out, the Defendant's Motion is procedurally and fatally defective because she failed to file a timely notice of appeal.[2] Rule 8001(a) provides, "An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Rule 8002 in turn provides, "The notice of appeal shall be filed with the clerk *within 10 days* of the date of the entry of the judgment, order, or decree appealed from." (Emphasis added.) Here, the time for filing a notice of appeal of the Order expired on November 6, 2006, forty days (40) before the Defendant filed her Motion.[3]

Arguably, the Defendant's Motion could be deemed to be a motion for an extension of time to file the notice of appeal. However, that motion would also fail because: (1) the Defendant failed to file a notice of appeal, and (2) the time limit for filing a motion to extend time has also expired. Rule 8002(c)(2) provides, "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that *such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal* may be granted upon a showing of excusable neglect." (Emphasis added.) Here, the Defendant has not requested

court for any reason including the right to a jury trial, then, it can remedy that issue by withdrawing the reference. However, this court retains jurisdiction unless and until the reference is actually withdrawn.

[2]On December 15, 2006, Defendant filed a Notice of Entry of Order stating that the Order itself was "issued" on October 27, 2006. The time for appeal of a judgment or order begins to run from the date of entry on the court's docket, not the date that a Notice of Entry is filed. Fed.R.Bankr.P. 8002(a).

[3]Ordinarily, a timely filed motion for leave to appeal may be granted at the discretion of the appellate court based on exceptional circumstances. *Mason v. Massie*, 335 B.R. 362, 368-69 (N.D. Ohio 2005). This court does not need to consider the merits of such a motion if the underlying appeal itself was not timely perfected.

3

an extension of time by showing "excusable neglect" and the time for the Defendant to request an extension of time expired approximately twenty-three (23) days before the Defendant filed her Motion.  The Defendant's failure to file a notice of appeal (timely or otherwise), and her failure to timely seek an extension of time, precludes the granting of relief as requested.  Without a pending appeal, there is nothing for this court, or any other court, to approve.

Based on the foregoing, the Motion will be DENIED.

Dated: January _____, 2007

W. Richard Lee
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

David R. Jenkins
PO Box 1406
Fresno, CA 93716

James E. Salven
PO Box 25970
Fresno, CA 93729

Scott Lyons
1010 W Main St
Visalia, CA 93291

Klara Jean Bergtholdt
3616 E OAK CT
VISALIA, CA 93292

M. Nelson Enmark
3447 W Shaw Ave
Fresno, CA 93711

United States Trustees
2500 Tulare St #1401
Fresno CA 93721

DATED: 1-8-07

By: _____
Deputy Clerk

EDC 3-070 (New 4/21/00)