3

**David R. Jenkins #95301**
**Post Office Box 1406**
**2444 Main Street, Suite 120**
**Fresno, California 93716**
**Telephone (559) 264-5695**
**Facsimile (559) 264-5693**

Attorneys for Plaintiff,
James E. Salven, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of<br><br>KLARA JEAN BERGTHOLDT and<br>ERIC DOUGLAS WILLIAMS,<br><br>Debtors. | Case No. 02-13531-B-7F<br>Chapter 7 |
| JAMES E. SALVEN, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>MITRA LYONS,<br><br>Defendant. | Adv. No. 06-01185-B-7F<br>DC: DRJ-2<br>Date: March 29, 2007<br>Time: 11:00 a.m.<br>Department B, Judge Lee<br>2500 Tulare Street, Fifth Floor<br>Courtroom 12, Fresno, CA |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1. **Introduction.** Plaintiff's complaint seeks to recover from Defendant the sum of $8,166.00, based on two theories. First, Plaintiff contends that the $8,166.00, received by the Defendant from the sale of the Debtors' residence is property of the bankruptcy estate herein that the Plaintiff, as Chapter 7 Trustee, is entitled to possess. Second, Plaintiff contends that the payment of the sum of $8,166.00, to the Defendant constituted an unauthorized transfer of property of the estate that the Plaintiff is entitled to avoid. For the reasons set forth hereinafter, the Court finds that there are

RECEIVED
March 29, 2007
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000723913



no disputed factual issues regarding either claim and the Plaintiff is entitled to a money judgment in the amount of $8,166.00, as a matter of law.

### 2. **Findings of Fact**.

    A. The above captioned Chapter 7 case was commenced by the filing of a voluntary petition for relief under Title 11 U.S.C. Chapter 13 on April 17, 2002. The case was converted to a case under Chapter 7 at the request of the Debtors on March 9, 2004.

    B. Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee herein.

    C. On April 17, 2002, Klara Jean Bergtholdt and Eric Douglas Williams (hereinafter "Debtors") were the owners of that certain parcel of real property improved with a single family residence that is located at and commonly known as 3616 East Oak Court, Visalia, California. (Hereinafter, "The Subject Real Property").

    D. On, or about June 30, 2004, the Debtors transferred the Subject Real Property to Michael Luu and Trang Ha. The Debtors neither sought nor obtained Bankruptcy Court approval for such transfer.

    E. Defendant Mitra Lyons acted as the listing broker in connection with the sale of the Subject Real Property by the Debtors to Michael Luu and Trang Ha.

    F. Defendant Mitra Lyons received a real estate commission in the amount of $8,166.00, from the proceeds of the Debtors' sale of the Subject Real Property to Michael Luu and Trang Ha.

    G. At the time of the Debtors' sale of the Subject Real Property to Michael Luu and Trang Ha Defendant Mitra Lyons had actual knowledge of the filing of the Debtors' bankruptcy petition.

### 3. **Elements of the Plaintiff's Claims**.

    A. Turnover of Property of the Estate. With exceptions not applicable here, Title 11 U.S.C. Section 542(a), requires any entity in possession during the case of property that the Trustee may use, sell or lease under Title 11 U.S.C. Section

Case 06-01185   Filed 03/30/07   Doc 83

363, to deliver such property to the Trustee. Section 363 permits the Trustee to use, sell or lease property of the estate. Property of the estate is defined by Title 11 U.S.C. Section 541 and includes "all legal or equitable interests of the of the debtor in property as of the commencement of the case." Property of the estate includes proceeds of or from property of the estate. Title 11 U.S.C. Section 541(a)(6).

        B. Avoidance of Unauthorized Post Petition Transfers. Title 11 U.S.C. Section 549 permits a Trustee to avoid a transfer of property of the estate, that occurs after the commencement of the case, and that is not authorized by the Code or the Court.

4. **Conclusions of Law**.

        A. Plaintiff's Section 542 Claim. Based on the undisputed facts, it is clear that the Defendant received $8,166.00, in proceeds from the Debtors' sale of property of the estate. Since those proceeds are also property of the estate, the Defendant has received $8,166.00, in property of the estate. The Plaintiff is entitled to judgment, as a matter of law, compelling the Defendant to turnover the $8,166.00, in property of the estate that she received.

        B. Plaintiff's Section 549 Claim. As an alternative basis for entry of judgment in favor of the Plaintiff, based on the undisputed facts, it is also clear that the Debtors, through the escrow on their sale of property of the estate, transferred $8,166.00 in sales proceeds to the Defendant. Such proceeds were property of the estate. The transfer occurred on, or about, June 30, 2004 and, in any event, after the commencement of the case in April 2002. The transfer was not authorized by any provision of the Code or by any order of the Court. The Plaintiff is entitled to judgment, as a matter of law, avoiding the transfer and awarding a money judgment for $8,166.00.

Dated: 3-30-07

W. Richard Lee
United States Bankruptcy Judge